## LAVERY *v.* The COUNTY.

CERTIFICATE from the Nisi Prius.

*Feb.* 24.—The action and defence was the same as in Donoghue *v.* The County. The house was not directly fired by the mob, but a neighbouring building having been set fire to by them, the conflagration spread and consumed the property, for which the action was brought.

A general rumour of an intention to sack and destroy property having been shown to exist on the 7th, the plaintiff proved, he, with others, called on the sheriff on the 8th; and one, on behalf of himself and the citizens of Kensington, requested him to take measures to preserve their lives. The court refused to permit the witness, on cross-examination, to state the circumstances occurring on the day antecedent to the riot; he also rejected a witness for the same purpose.

The errors assigned were these decisions on evidence; and that the declaration did not set out the ward; nor that the proceeding was on the act of Assembly.

A new trial having been refused, this appeal was taken, and the cases were argued together.

*H. M. Phillips*, for the county.—The witness having stated part of the riot, we were entitled to have the whole, for we meant to implicate the plaintiff; and we were not bound to make the witness our own. The question of notice is material. Under the act, the sheriff, failing to perform his duty, is liable over to the county, and plaintiff must prove such notice as would compel him to show, in an action, that he performed all the law required. [*Curiam.*—There was no intention to destroy his property, as it was accidental, another building having been the object; he gave notice of all he could have had knowledge of, which was general rumour.] The act is the sole right of action, and he must bring himself within it; it provides no one shall be entitled, "unless upon knowledge of the intention, and sufficient time intervening, he shall give notice to the sheriff, constable, &c."

*Doran* and *Meredith*, contrà.—There was no offer to connect the party with these transactions; hence it was irrelevant testimony. In Lavery's case no notice was required, as in fact no design to injure him existed; he did give all that he knew of.

This statute is founded on that of Geo. 1, and is to be construed liberally, as that always has been. Hyde *v.* ——, 2 Doug. —; Bull. N. P. 180.

*Phillips*, in reply.—In Donoghue's case, his residence in the parsonage, which was connected with the church, was sufficient to connect him; he was responsible for what was permitted in his own house.

*March* 4. SERGEANT, J.—The first error assigned, that the verdict is against the weight of evidence in the point of notice, is not a subject of error here, when the case comes up by certificate from the judge at Nisi Prius, under the act of Assembly of the 26th July, 1842. That

act confines the supervision of this court to cases where the judge refuses to grant a new trial on points of law, or whenever either party tenders a bill of exceptions to any opinion or charge of the court, or in any case where a writ of error is allowed in a like case to any Court of Common Pleas or District Court. The remedy of the party on the ground of a verdict being against the weight of evidence, is before the judge at Nisi Prius by motion for a new trial.

The next error assigned is, in overruling the testimony of William Craig. We think this was properly done, as the evidence offered was irrelevant to the issue trying, unless the defendant had gone further, and offered to show that the plaintiff was in some way connected with those circumstances. Nor was it material to prove that there was firing from an adjoining house, which communicated the flame to the plaintiff's house; and that setting fire to the first house was a necessary act of self-defence. In order to debar a person from the remedy provided by the act of Assembly of the 31st May, 1842, it must be made to appear, in the words of that act, that the destruction of his property was caused by his illegal or improper conduct. He is not involved in the misconduct of others, even supposing there were such, or that they occupied an adjoining house, when he has had nothing to do with it, so far as appears.

The next error is in overruling the testimony proposed by the defendant in the cross-examination of C. B. F. O'Neill. This was properly rejected, for the reasons already given. It was introducing proof of circumstances of no importance in the cause, tending to encumber the trial with superfluous and irrelevant matter, and not in the nature of cross-examination of what had previously been stated.

The last error is a defect in the declaration, in not mentioning the ward. This, we think, is cured by the verdict.

Judgment affirmed.


DONOGHUE *v.* The COUNTY. *March* 4.—It is only necessary to notice such points as have not been decided in the preceding case.

1. Error is assigned in overruling the testimony of Alexander Erwin and John Lynch. This testimony was designed to show that men collected in St. Michael's Church on Monday evening: that armed men came from that church and fired upon an unarmed assemblage in front of the school-house, which was the property destroyed for which this suit is brought. To make this testimony relevant, the defendants were bound to show either that the plaintiff was one of these men, or that he participated in their conduct, or was in some way connected with them, otherwise he is not barred by the provisions of the act of

Assembly.    But the defendant did not offer to show this, and the testimony previously given led to a different inference.    The testimony of Lynch, the sexton, was, that the plaintiff was not in the church that night; that none of them had been in the parsonage house, (the residence of the plaintiff;) that the plaintiff had officiated in the church the day before, (of which he was pastor,) but he understood he was gone into the country.    The evidence offered, therefore, was immaterial and leading to no result, and was, for this reason, we think, properly rejected.

2. The next question is as to the notice.    The act of Assembly requires that notice be given to the sheriff, alderman, justice, or constable, when there is sufficient time intervening.    But in what cases is the party required by the act to give this notice?    When he has knowledge of the intention or attempt to destroy his property or to collect a mob for such purpose.    It would be strange to require him to give notice where he has not such knowledge; and therefore in such case he is not debarred from his remedy, though he has not given any notice.    In the present case there is no evidence showing such knowledge in the plaintiff, but rather the contrary; and therefore he was in no default.    If Frenaye, who merely had a power of attorney to sell, could be considered as the plaintiff's agent for the purpose of giving notice, (which is far from being clear,) we think the notice he gave was sufficient within the act.

Judgment affirmed.